UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY STEWART,<br><br>        Plaintiff,<br><br>    v.<br><br>SACRAMENTO SHERIFF OFFICE, et al.,<br><br>        Defendants. | Case No. 2:25-cv-02310-TLN-CSK PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF Nos. 1, 2) |

Plaintiff Sydney Stewart is proceeding without counsel in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing. Accordingly, the Court grants Plaintiff's IFP request.

I.   **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

**II.   DISCUSSION**

**A.   Federal Rule of Civil Procedure 8**

The Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's Complaint reveals it

consists of "[t]hreadbare recitals of the elements" of the causes of action and fails to state a claim for relief under Section 1983. *Iqbal*, 556 U.S. at 678.

42 U.S.C. § 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (internal quotation marks omitted). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation and internal quotation marks omitted). To state a cognizable § 1983 claim, a plaintiff must allege the violation of a right protected by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person who acted under color of state law. 42 U.S.C. § 1983; *see also Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

Plaintiff brings a cause of action against Defendants Sheriff Deputy Brandon Ritchie, Sheriff Deputy "Masterson," and the Sacramento Sheriff's Office for Section 1983 relief for alleged violations of the Fourth and Fourteenth Amendments for unlawful search and seizure of property. Compl. at 1, 2, 6-7 (ECF No. 1). Plaintiff also makes one reference in the Complaint that Defendants Ritchie and Masterson committed "race discrimination." Compl. at 7. Construing the Complaint liberally, the Court interprets this as an attempt to bring a claim for discrimination under the Fourteenth Amendment. The Court will address Plaintiff's claims for unlawful search and seizure of property under the Fourth and Fourteenth Amendments, and race discrimination under the Fourteenth

Amendment against all Defendants.[2]

          1.      <u>Defendants Ritchie and Masterson: Unlawful Search and Seizure</u>

Construing the Complaint liberally, it appears Plaintiff intends to bring a Fourth and Fourteenth Amendment claim pursuant to 42 U.S.C. § 1983 for the alleged unlawful search and seizure of Plaintiff's vehicle. *See* Compl. at 6-7. The Fourth Amendment claim against Defendants Ritchie and Masterson should be dismissed for failure to sufficiently state a claim for an unreasonable search or seizure. The Fourth Amendment protects the "right of the people to be secure . . . against unreasonable searches and seizures." U.S. Const. amend. IV. This guarantee is applied to the states through the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). An automobile stop by a police officer is a seizure within the meaning of the Fourth Amendment. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). The Fourth Amendment does not prohibit all search and seizure. "[I]f the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." *Carroll v. United States*, 267 U.S. 132, 149 (1925).

The Complaint's allegations are somewhat unclear. The Complaint alleges that on June 16, 2025 at approximately 12:48 a.m., Plaintiff was driving after leaving their house, and noticed police officers driving behind them. *See* Compl. at 6. Plaintiff slowed down and continued driving, making turns on different streets. Plaintiff was stopped at the gate to the apartments on Lawston Way. *See id.* The officers asked Plaintiff a lot of questions. *See id*. Plaintiff asked the officers if Plaintiff ran a stop sign, and if Plaintiff did, why did the officers follow Plaintiff for over a mile before stopping Plaintiff. *See id.* one of the officers asked if he could search Plaintiff's car and Plaintiff said no. *Id.* Based on

---

[2]  It appears Plaintiff names one other individual in the Complaint (Compl. at 5), however, the name is difficult to decipher and there are no allegations against this individual.

1  Plaintiff's allegations, it is unclear what alleged unlawful actions each individual
2  Defendant took during the alleged traffic stop. *See* Compl. Plaintiff groups both
3  Defendants together in the description of the events and does not specify what actions
4  were taken by Defendant Ritchie and Defendant Masterson. *See* Compl.

5      Plaintiff fails to state a Fourth Amendment search and seizure claim. The
6  Complaint does not allege how long Plaintiff was stopped and whether any search
7  actually occurred after Plaintiff told the officers they could not search Plaintiff's vehicle.
8  *See* Compl. It is also unclear whether any items were seized. In the relief section of the
9  form Complaint, Plaintiff refers to Plaintiff's cell phone, receipt, and car title, which
10 suggests those items were seized. *See* Compl. at 7. Accordingly, this claim against
11 Defendants Ritchie and Masterson is dismissed. Plaintiff will be provided an opportunity
12 to amend the Complaint, if Plaintiff can, to allege specific facts regarding the alleged
13 violations and Defendants Ritchie and/or Masterson's connection to or involvement in
14 the alleged violations.

15      Further, it is not clear whether Plaintiff is trying to raise a separate cause of action
16 for violation of due process under the Fourteenth Amendment relating to the traffic stop.
17 "A procedural due process claim has two distinct elements: (1) a deprivation of a
18 constitutionally protected liberty or property interest, and (2) a denial of adequate
19 procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149
20 F.3d 971, 982 (9th Cir. 1998). Plaintiff does not clearly allege a separate cause of action
21 and what procedural protection Plaintiff believes they were entitled to but denied. To the
22 extent Plaintiff is seeking to raise a separate cause of action for a due process violation
23 under the Fourteenth Amendment, this cause of action is dismissed with leave to amend.
24 Plaintiff will be provided an opportunity to amend the Complaint, if Plaintiff can, alleging
25 what deprivation of a protected liberty or property interest occurred, what procedural
26 protection Plaintiff was denied, and facts demonstrating Defendants Ritchie and/or
27 Masterson's connection to or involvement in the alleged violations.
28 ///

2.     <u>Defendants Ritchie and Masterson: Race Discrimination</u>

Construing the Complaint liberally, it appears Plaintiff is alleging that Defendants Ritchie and Masterson committed race discrimination during the alleged traffic stop. *See* Compl. at 7. In order to state a claim under § 1983 for "a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Intentional discrimination means that a defendant "acted at least in part because of a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994).

Here, the Complaint does not allege facts sufficient to state a claim for race discrimination under § 1983 against Defendants Ritchie and Masterson. Plaintiff makes only one reference to "race discrimination" in the Complaint but does not allege any other facts to support this claim against any defendant. The Complaint does not allege Plaintiff is a member of a protected class or allege that any defendant acted with an intent or purpose to discriminate against Plaintiff based upon membership in a protected class. Therefore, the race discrimination claim against Defendants Ritchie and Masterson is dismissed with leave to amend. Plaintiff will be provided an opportunity to amend the Complaint, if Plaintiff can, to allege a race discrimination claim and specific facts demonstrating Defendants Ritchie and/or Masterson's connection to or involvement in the alleged violations.

3.     <u>Defendant Sacramento County Sheriff's Office: All Claims</u>

On the first page of the Complaint, the Sacramento Sheriff Office is named as a Defendant, however Plaintiff does not list the Sacramento Sheriff's Office as a Defendant anywhere else in the Complaint. Construing Plaintiff's Complaint liberally, it appears that Plaintiff seeks to bring a claim for municipal liability against Defendant Sacramento Sheriff's Office pursuant to Section 1983. "In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro*

6

*v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To impose liability under *Monell*, a plaintiff must show that (1) he or she was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that plaintiff alleges caused the constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

Here, the Complaint does not allege any facts that could support a *Monell* claim. Plaintiff makes no allegations related to the Sacramento Sheriff's Office. Plaintiff has not sufficiently supported the claim with facts as required under Rule 8. Therefore, the claims against Defendant Sacramento Sheriff's Office are dismissed with leave to amend. Plaintiff will be provided an opportunity to amend the Complaint, if Plaintiff can, to allege facts demonstrating Plaintiff's alleged constitutional violations resulted from Defendant Sacramento Sheriff's Office policy or custom that is the result of a decision of a person employed by the entity who has final decision or policymaking authority; a direct causal link between the policy or custom and the injury; and that Plaintiff's injury resulted from a permanent and well-settled practice. *See Monell*, 436 U.S. at 694; *Anderson*, 451 F.3d at 1070.

**B.    Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state claims under Section 1983, the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure if it appears at all possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms. The amended complaint shall be titled "First Amended Complaint."

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare

lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

## III.   CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend; and
3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

Dated:  November 19, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, stew.2310.25